**WATER RESOURCES INTERNATIONAL, INC.,**
**Plaintiff-Appellant**

v.

**SINGER SEWING MACHINE CO., et al.,**
**Defendants-Appellees**

Civil No. 124-A

District Court of Guam

Appellate Division

June 1, 1977

Before DUENAS and WONG, *District Judges*, and HEFNER, *Designated Judge*

PER CURIAM

OPINION

On September 12, 1975, plaintiff brought this action against the defendants alleging that defendant Singer Sewing Machine Co. ("Singer") was negotiating with the other defendants to enter into a contract for certain purposes, "including more particularly the management, de-

velopment, maintenance, and operation of the water resources and water systems of the Territory of Guam . . . on or before September 15, 1975, . . . ." Plaintiff contended that the contract was for construction of public works within the meaning of Government Code, § 10001.5, was in excess of $2,500, and did not comply with Government Code, § 10001.6. The complaint prayed for a temporary restraining order, a preliminary injunction, and permanent injunction enjoining defendants from entering into the contract.

Not only was the temporary restraining order denied, but the Superior Court of Guam granted an order dismissing the complaint without leave to amend and the action was dismissed with prejudice. In its decision, the Superior Court concluded that "Section 10001.6 of the Government Code of Guam is applicable to projects under Department of Public Works but not to Public Utility Agency of Guam." It further found that the particular provisions of § 21204 were controlling.

The deposition of defendant Paulino indicates that the contract was executed on either September 12th or 15th, 1975, prior to both the dates of the decision and the order of dismissal. Inasmuch as the complaint prays for an injunction against defendants from entering into a contract that was executed shortly either before or after the complaint was filed, it would appear that the matter before this Court has been mooted insofar as the relief prayed for is concerned.

Subsequent to the hearing on appeal before this Court, counsel for defendants submitted copies of documents entered into between "Singer" and the Government of Guam cancelling the foregoing contract, thus further mooting the issue on appeal.

Because of the mootness of the issue, the appeal is dismissed. See *Super Tire Engineering Co. v. McCorkle*, 490

F.2d 911 (3rd Cir., 1972), for a discussion of the mootness problem.

In dismissing this appeal for mootness, we do not express an opinion as to the propriety of the action of the Superior Court in dismissing with prejudice plaintiff's complaint without leave to amend, nor do we express our approval or disapproval of that Court's decision.